[S. F. No. 1852.  In Bank.—March 25, 1899.]

## CHARLES P. BRASLAN, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent.

INSOLVENT SAVINGS BANK—JURISDICTION OF SUPERIOR COURT—APPOINTMENT OF DIRECTORS.—The superior court has a very extensive jurisdiction over an insolvent savings bank, during the whole progress of its liquidation, and it may, upon petition showing vacancies in the board of directors, appoint directors to fill such vacancies.

ID.—RESIGNATION OF DIRECTORS—APPOINTMENT OF FULL BOARD—SUBMISSION UPON PLEADINGS—CERTIORARI.—Where a full board was appointed by the court, under a supplemental petition alleging that all the directors had resigned, and that there were no directors, to which an answer had been filed which took no direct issue upon the allegation of the petition, but alleged that a person named had been appointed to fill the vacancy caused by the resignation of one of the directors, and the matter was submitted to the court upon the pleadings, without proof of the appointment of such person, the order appointing a full board cannot be annulled upon *certiorari*, upon his petition, for want of a showing that special notice of the proceeding was given to him.

PETITION in the Supreme Court for writ of certiorari to review an order of the Superior Court of Santa Clara County, appointing a board of directors of a savings bank. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, for Petitioner.

Tirey L. Ford, Attorney General, George A. Sturtevant, Deputy Attorney General, and Jackson Hatch, for Respondent.

BEATTY, C. J.—Petition for writ of *certiorari*. The attorney general commenced an action against the Union Savings Bank of San Jose and its seven directors, in pursuance of the provisions of section 11 of the amended bank commissioners'

act (Stats. 1895, p. 175), to enjoin them from the transaction of any further business and to compel a liquidation of the affairs of the bank. Subsequent to the commencement of the action, and to the appearance of the original defendants therein, several of the directors resigned, and the petitioner claims to have been elected in place of one of them; but it is not shown that he was ever substituted as a defendant, or that he entered an appearance or gave any notice to the court or to any of the parties of his election as a director.

This being the situation of affairs, the attorney general, by leave of the court, filed and served upon the defendants who had appeared a supplemental complaint, alleging that all the directors of the corporation had resigned and that there were no directors, and praying the appointment of seven directors by the court. To this supplemental complaint an answer was filed containing no direct denials of its allegations, but merely alleging the fact that at different dates several of the directors had resigned, that their resignations had been accepted by the remaining directors and other persons elected in their place. Among other similar allegations it was alleged that this petitioner, at a date prior to the filing of the supplemental complaint, had been elected a director in place of one who had resigned, and that he had entered upon the discharge of his duties; but it did not allege that he was still a director. It was also alleged in this answer to the supplemental complaint that six of the directors last appointed—all of them, that is to say, except Braslan, the petitioner here—had resigned, and their formal resignation was attached to the answer, which was signed by an attorney at law describing himself as attorney for all the defendants and their successors, except Braslan. No summons, citation, or other notice of the proceeding appears to have been served upon Braslan, but the matter was submitted to the court "on the pleadings," whereupon the court appointed a full board of seven directors of the corporation. This is the order which the petitioner seeks to have reviewed, and such are the facts disclosed upon the hearing of a rule to show cause why a writ of *certiorari* should not issue.

The petitioner contends that the order appointing a full board of directors, which practically ousts him from an office to which

he claims to have been duly elected, was in excess of the jurisdiction of the court, and void, because it was made without notice to him, and because it does not appear that the occasion had arisen for action by the court.

Upon these propositions the first question to be considered is whether the law under which the court was proceeding gave the petitioner any right to personal notice of the application for the appointment of directors to fill vacancies. The statute is by no means explicit or plain upon this point, but I think it may be gathered from its various provisions that the intention was to invest the superior court with a very extensive authority and jurisdiction over the corporation during the whole progress of liquidation, and, among other things, authority to fill all vacancies in the board of directors as often as they might occur, if the remaining directors failed or were unable to fill them. To call the powers of the court into action for this purpose I do not think a supplemental complaint is necessary, or even appropriate. The proceeding is independent and collateral, and may be taken by or on behalf of any party interested by petition to the court, based upon the fact of malfeasance, neglect, or vacancy caused by death or resignation. When the court is asked to remove a director for fraud, malversation, or neglect, the statute expressly provides for a citation to the person accused and a hearing, but no notice is provided for when the court is asked to fill a vacancy. It may be contended, however, that, in the absence of such a provision, the director whose place is alleged to have become vacant is, if living, entitled to notice upon general principles, in order that he may have an opportunity of showing that he has not vacated or abandoned the office. This is certainly a reasonable contention, but, whether well founded or not, it does not help the case of this petitioner, because here all the directors of the corporation, of whose existence the court was advised, and whose places the court was asked to fill, were notified of the proceeding. The petitioner had never, so far as appears, made known to the court, or to the other parties interested, the fact that he was, or claimed to be, a director, and the only mode of notifying him would have been by a general notice to all the world. But no such notice is prescribed or authorized, and, therefore, unless the court can

proceed to act upon an alleged vacancy without notice to every unknown claimant of the office it cannot act at all, and the statute is in this respect nugatory. But this result cannot be allowed, and, therefore, I conclude that a director, or one claiming to be such, is not entitled to notice of an application to fill a vacancy unless he has given previous notice of his incumbency.

Upon the second point the case is more simple. Treating the so-called supplemental complaint as a petition to fill a vacancy, and allowing that a petition by the attorney general need not be verified, it stated a case calling for the action of the court; and, even if the answer could be construed as making an issue upon the allegation of a vacancy in the directorship claimed by petitioner, still the only way it raised such issue was by the affirmative allegation that petitioner had been appointed to fill a vacancy admitted to have been created by the resignation of another director. Therefore, the burden of proof was upon those alleging the appointment, and since the whole matter was submitted on the so-called pleadings without further evidence, the court did not even err, much less exceed its jurisdiction, in declaring a vacancy and proceeding to fill it.

The writ is denied and the proceeding dismissed.

Van Dyke, J., concurred.

Temple, J., concurred in the judgment.

McFARLAND, J., concurring.—I concur in the judgment denying the writ and dismissing the proceeding, and in the opinion of the chief justice. Furthermore, I think that the petitioner is not in a position to invoke the writ of *certiorari.* He was not a party to the proceeding in the court below, and did not attempt to make himself a party thereto by intervention or otherwise; and he is not in the exceptional position where, although he was not a party to the record, he might resort to *certiorari* for the reason that he has substantial interests involved. The only interest which he shows is an asserted claim to an office, and *certiorari* is not the proper remedy for trying title to an office. Moreover, although this case is before us upon notice to show cause why a writ of *certiorari* should not issue, yet at the hearing the record was produced and it was agreed by the

parties that the matter should be determined as though a writ had been issued and the record of the lower court was here; and, therefore, even if the petitioner had the right to invoke the writ, the record shows no want of jurisdiction whatever.

Moreover, as at present advised, my opinion is that from the time the board of bank commissioners take possession and control of a bank and its assets under the statute, until the adjudication of the court as to whether it shall be put into liquidation or not, the directors have no power to perform the corporate act of electing a new director.

GAROUTTE, J., concurring.—I concur in the judgment. This is a proceeding to review the action of the superior court of the county of Santa Clara, Lorigan, Judge, in appointing seven directors for the Union Savings Bank of San Jose, an insolvent institution. Conceding the action of which complaint is made involved the exercise of judicial functions, and that, therefore, the legal remedy invoked is the proper one, still the showing made demands a denial of the relief sought.

Upon a writ of review the record is placed before this court, and the presence or absence of power in the lower court to make the order sought to be reviewed must appear from the face of that record. In this proceeding it appears that the bank corporation had no directors. Such is the positive allegation of the supplemental bill. There is no denial of this allegation, and the fact stands admitted. Under such circumstances, the court not only had the power to appoint seven directors, but it was its duty to exercise that power and make the appointment.

Petitioner insists that he was a director of the bank corporation at the time this order of appointment was made, and that he had no notice of the proceeding, although a party directly interested in the matter. It is a full and complete answer to this claim of petitioner when it is said that none of these facts appear from the record, and it is by the record that the case must be decided. If petitioner's rights have been affected by the act of the court in appointing these directors, he must seek some other remedy by which to protect himself.